1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP      **REMAND/JS-6**
     A Limited Liability Partnership
2  Including Professional Corporations
   BRIAN M. DAUCHER, Cal. Bar No. 174212
3  BRIAN B. FARRELL, Cal. Bar No. 247878
   Telephone:  714-513-5100
4  Facsimile:  714-513-5130
   bdaucher@sheppardmullin.com
5  bfarrell@sheppardmullin.com

6

7  Attorneys for Plaintiff,
   Los Angeles Haven Hospice, Inc.

8

9

10

11                    UNITED STATES DISTRICT COURT

12                   CENTRAL DISTRICT OF CALIFORNIA

13  LOS ANGELES HAVEN HOSPICE,      CASE NO. CV08-4469-GW (RZx)
    INC., a California corporation,

14                    Plaintiff,      *The Honorable George H. Wu*

15
             v.                       **FINAL JUDGMENT AND REMAND**
16
    KATHLEEN SEBELIUS, Secretary of
17  United States Department of Health
    and Human Services,
18
                      Defendant.      Hearing Information:
19                                    Date:    August 17, 2009
                                      Time:    8:30 a.m.
20                                    Crtrm.:  10

21

22

23                                    Complaint Filed:  July 8, 2008

24

25

26

27

28

**FINAL JUDGMENT AND REMAND**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that judgment shall be, and hereby is entered in favor of plaintiff Los Angeles Haven Hospice, Inc. ("Haven Hospice") and against defendant Kathleen Sebelius, as Secretary of the United States Department of Health and Human Services ("HHS"), as follows:

HHS' regulation governing calculation of the hospice cap, published at 42 C.F.R. 418.309(b)(1), is arbitrary and capricious and in excess of statutory authority for the reasons specified in this Court's prior order of July 13, 2009 granting summary judgment of invalidity.  Therefore, pursuant to this Court's authority under 5 U.S.C. § 706(2)(A) & (C) of the Administrative Procedure Act, the hospice cap regulation at 42 C.F.R. 418.309(b)(1) is unlawful and set aside. HHS is hereby enjoined prospectively from using the current regulation found at 42 C.F.R. 418.309(b)(1) to calculate hospice cap liability for any hospice.

HHS' prior calculation of Haven Hospice's cap liability for fiscal year 2006, including HHS' repayment demand of April 2, 2008, is hereby set aside.  HHS is further ordered not later than one year from the date of this judgment to return prior payments by Haven Hospice on the 2006 demand, with interest; except that, at any time prior to such return, HHS may credit any portion of such prior payments, with interest, to a new cap repayment demand to Haven Hospice for 2006, such demand to be calculated in accordance with 42 U.S.C. § 1395f(i)(2).

Haven Hospice is also awarded its costs which it may hereafter apply for as well as to move for an award of its attorneys' fees.

This matter is remanded to HHS for proceedings not inconsistent with this judgment, except that this Court retains jurisdiction to consider application for costs and/or fees.

DATED: August 20, 2009

____ _(signature)_ _____

THE HONORABLE GEORGE H. WU

UNITED STATES DISTRICT COURT JUDGE

-1-

1   Respectfully submitted by:

2   Dated:  August 3, 2009

3

4                                      SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

5

6                          By _____

7                                         BRIAN M. DAUCHER
                                          BRIAN B. FARRELL

8                                        Attorneys for Plaintiff
                                    Los Angeles Haven Hospice, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-