1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                    **CENTRAL DISTRICT OF CALIFORNIA**

8

9   LOS ANGELES HAVEN HOSPICE        )   No. CV 08-4469-GW (RZx)
    INC.,                            )
10                                   )   STATEMENT OF REASONS AND
                    Plaintiff,       )   ORDER RE PARTIAL STAY
11                                   )   PENDING APPEAL
                    v.               )
12                                   )
    KATHLEEN SEBELIUS, Secretary of  )
13  U.S. Dept. of Health and Human   )
    Services,                        )
14                                   )
                    Defendant.       )
15                                   )
                                     )
16  _____)

17

18          Following the issuance of the Judgment in this case, which found 42 C.F.R. §

19  418.309(b) to be arbitrary and capricious because it conflicted with the underlying

20  statute (i.e., 42 U.S.C. § 1395f(i)(2)(C)) and which provided for individual and

21  nationwide injunctive relief, Defendant Secretary of Health & Human Services

    applied ex parte for a partial stay of the Judgment as to all hospices other than Plaintiff
22
    Los Angeles Haven Hospice pending appeal.  Plaintiff has filed an Opposition to the
23
    ex parte application.  After considering the submitted papers and reviewing the
24
    materials in the case file, the Court issues the following Statement of Reasons and
25
    Order.
26
            This Court will grant a stay as to the portion of its judgment which issued
27
    nationwide injunctive relief.  This Court agrees with Plaintiff that there is no
28
    significant likelihood that the Secretary of Health and Human Services will prevail on

                                         -1-

1    the merits of the underlying claim for reasons stated in the Court's July 13, 2009

2    ruling.  See Docket Document No. 50.  However, this Court is not as confident as to

3    the portion of its Judgment granting nationwide injunctive relief.  There is conflicting

4    case law on whether injunctive relief (in a case where an agency's regulation is held

5    to be improper or unconstitutional) should be broad (e.g. nationwide) or more limited.

6    Compare e.g., VA Society for Human Life, Inc. v. FEC, 263 F.3d 379, 393 (4th Cir.

7    2001) (holding that issuing nationwide injunctive relief was an abuse of discretion

8    because it was broader than necessary to afford relief to the single plaintiff in the case,

9    and because such an injunction would preclude other circuits from ruling on the

10   underlying substantive issue which would "substantially thwart the development of

11   important questions of law by freezing the first final decision rendered on a particular

12   legal issue.") (quoting United States v. Mendoza, 464 U.S. 154, 160 (1984)); and

13   Bernstein v. U.S. Dept. of State, 974 F.Supp. 1288, 1309-10 (N.D. Cal. 1997); with

14   Bresgal v. Brock, 843 F.2d 1163, 1170 (9th Cir. 1987) ("[T]here is no bar against

15   class-wide, and nationwide relief in federal district or circuit court when it is

16   appropriate.").

17        The question here is whether nationwide injunctive relief is appropriate.  In

18   Bresgal, it was observed that "an injunction is not necessarily made over-broad by

19   extending benefit or protection to persons other than prevailing parties in the lawsuit-

20   even if it is not a class action - *if such breadth is necessary to give prevailing parties*

21   *the relief to which they are entitled."* 43 F.3d 1170-71.  Clearly, the injunction herein

22   need not be nationwide to afford the Plaintiff complete relief.

23        It is also noted that there are at least two other non-class action lawsuits which

24   are (or had been) considering the same challenge to 42 C.F.R. § 418.309(b).  See i.e.

25   Heart to Heart Hospice, Inc. v. Leavitt, No. 1:07-CV-289-M-D, 2009 U.S. Dist.

26   LEXIS 11442 (N.D. Miss. Feb. 5, 2009); and Sojourn Care, Inc. v. Leavitt, No. 07-

27   375 (N.D. Ok. 2007).  Thus, there is some prospect of the issue reaching other circuit

28   courts.

1    However, this action was brought as a challenge to the regulation "on its face"

2    and not "as applied."   Thus, arguably, this is not a situation where it would "be

3    preferable to allow several courts to pass on a given . . . claim in order to gain the

4    benefit and adjudication by different courts in different factual contexts." Califano

5    v. Yamasaki, 442 U.S. 682, 702 (1979).  Further, the legal questions at issue are not

6    novel or complex, which would counsel for sculpting the injunctive relief as narrowly

7    as possible. See Bernstein, 974 F.Supp. at 1310.

8    As noted in Hilton v. Braunskill, 481 U.S. 770, 776 (1987), under Federal Rule

9    of Civil Procedure 62(c):

10   > [T]he factors regulating the issuance of a stay are . . . : (1)
     > whether the stay applicant has made a strong showing that
11   > he is likely to succeed on the merits; (2) whether the
     > applicant will be irreparably injured absent a stay; (3)
12   > whether issuance of the stay will substantially injure the
     > other parties interested in the proceeding; and (4) where the
13   > public interest lies.

14   For the reasons stated above, this Court finds that the Secretary has made the requisite

15   showing of likelihood of success as to the issue of the nationwide scope of the

16   injunctive relief.  Where, as here, the broad nature of the injunctive relief impacts the

17   operations of a federal agency across the country, both irreparable injury and public

18   interest considerations would caution for the maintenance of the status quo pending

19   appellate review.  For example, as noted in paragraphs 13 and 14 of the Declaration

20   of Michelle Snyder (the acting Deputy Administrator/Deputy Chief Operating Officer

21   of the Center for Medicare & Medicaid Services, Department of Health and Human

22   Services) which is attached to the ex parte application, the current injunction would

23   significantly disrupt the Medicare program because it would inhibit the agency from

24   implementing the statutorily mandated hospice caps as to the approximate 3000

25   hospice providers during the period while a new regulation is being promulgated and

26   would concomitantly create tremendous uncertainty for the government, the Medicare

27   contractors and the hospice providers.  Finally, as noted earlier in this litigation,

28   whether a given hospice provider will receive an increased or decreased level of

1  reimbursement - under a new regulation that comports with the statutory language of

2  42 U.S.C. § 1395f(i)(2)(C) versus the invalidated 42 C.F.R. § 418.309(b) - cannot be

3  ascertained without completely analyzing that provider's germane data.  Thus, any

4  injury to other interested parties cannot be determined at this point.

5        For the above reasons, this Court will grant the Secretary's ex parte application

6  and stay in part the injunction issued such that it will remain enforceable only as to the

7  Plaintiff herein, but will be stayed as to the hospice providers other than Plaintiff until

8  the final disposition of the Secretary's appeal to the Ninth Circuit Court of Appeals.

9        IT IS SO ORDERED.

10

11  DATED:  This 11th day of September, 2009

12

13                                              _____
                                                GEORGE H. WU
14                                              United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28